PHILIP WADSWORTH

*v.*

THE ÆTNA NATIONAL BANK.

1. PRACTICE—*affidavit of claim.* An affidavit, filed with a declaration, that the plaintiff's demand is the amount of the promissory note, and interest thereon, as·set forth in the declaration, and that there is due the plaintiff

from the defendant, after allowing to him all just credits, deductions and set-offs, the sum of money named upon the face of the note, together with interest thereon, according to the tenor of said note, ——— dollars, is sufficient in respect to the amount claimed to be due.

2. SAME— *affidavit of merits.* An affidavit by the defendant that he verily believes he has a good defense to the action upon the merits, is a substantial compliance with the statute, being equivalent to a statement of a defense to the whole of the plaintiff's claim, and it is error to strike the same and the defendant's pleas from the files.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. JOHN WOODBRIDGE, for the appellant.

Mr. ROBERT A. CHILDS, for the appellee.

Per CURIAM: The bank brought suit, in the Superior Court of Cook county, against appellant, to recover the amount due on a promissory note. There was filed with the declaration an affidavit of claim, signed by the attorney of the bank. Defendant filed the general issue, with this affidavit:

"And the defendant, Philip Wadsworth, being duly sworn, doth depose and say that he is the defendant in the above entitled cause, and that he verily believes he has a good defense to said cause upon the merits."

The affidavit was properly entitled in the case, and duly sworn to by the defendant. Plaintiff entered a motion to strike the plea and affidavit from the files, but the court granted leave to defendant to file an amended affidavit setting out specifically the ground of his defense, by the meeting of the court the next morning. This he declined to do, but offered to file a general affidavit of merits, which the court refused to permit, because it was not in compliance with the order granting leave to file an amended affidavit.

The court thereupon struck the plea and affidavit from the files, and rendered judgment in favor of the bank for the amount found to be due; whereupon defendant appeals to this court, and he assigns for error the striking of his plea and

18—84TH ILL.

affidavit from the files, the refusal to permit him to file his second affidavit of merits, and the rendition of judgment.

It is first insisted that, inasmuch as appellee failed to comply with the requirement of the statute in filing an affidavit of claim. appellant was not required to file an affidavit with his plea. This is the affidavit:

"Robert A. Childs, being duly sworn, deposes and says that he is the attorney for the plaintiff in the above entitled cause; that he is duly authorized to make this affidavit on behalf of said plaintiff; that the demand of the plaintiff in the above entitled cause is for the amount of the promissory note, and interest thereon. according to their tenor, as set forth in the declaration filed in said cause, and that there is now due to the plaintiff from the defendant. after allowing to him all just credits, deductions and set-offs, the sum of money named upon the face of said note, together with interest thereon, according to the tenor of said note, ———— 'dollars.'"

It is urged that this affidavit is defective, because it names no specific sum of money as being due. It is a maxim of the law, that a thing which may be rendered certain by mere computation, is certain. The statute only requires that the plaintiff's affidavit shall show the nature of his demand and the amount due him from the defendant, after allowing to the defendant all his just credits, deductions and set-offs, if any, and we think this affidavit does show the amount due the plaintiff from the defendant. What is the amount stated to be due? Why, the sum of money named upon the face of the note, together with interest thereon, according to the tenor of the note. A simple calculation would have shown the number of dollars that was due; and we have no doubt, under the statute, it was amply sufficient.

It is next urged that the affidavit filed with the plea was in compliance with the requirements of the statute, and should not have been stricken from the files. It is true, as urged, that the affidavit of merits need not be in the language of the statute, but may be in equivalent language, or may state in substance what the statute requires. Does this affidavit use

equivalent language, or state in substance what is required by the statute? Defendant states "that he believes he has a good defense to said cause upon the merits." Now, this affidavit is a substantial compliance with requirements of the statute. If he has, as he states, a good defense to the cause upon the merits, he surely states, in substance, that he has a full defense to the entire action or suit. The language employed will bear no other construction. It is the same as if he had stated he had a good defense to the whole of plaintiff's claim. This being the manifest import of the language, it is clearly a substantial compliance with the statute, and the court erred in striking the plea from the files and rendering judgment in favor of plaintiff.

The judgment of the court will be reversed and the cause remanded.

*Judgment reversed.*